UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MAPPING YOUR FUTURE, INC., a South Dakota non-profit corporation, | ) ) ) ) | CIV. 09-4015-KES |
| Plaintiff, | ) ) ) | ORDER DENYING IN PART AND GRANTING IN PART |
| vs. | ) ) ) | PLAINTIFF'S MOTION TO SERVE DEFENDANT AND |
| MAPPING YOUR FUTURE SERVICES, LTD., | ) ) ) | FOR ADDITIONAL TIME |
| Defendant. | ) | |

Mapping Your Future, Inc. (plaintiff) moves for a court order permitting service of process upon Mapping Your Future Services, Ltd. (defendant) via email because plaintiff's efforts to serve defendant have been unsuccessful. Plaintiff also moves for additional time to serve defendant. Defendant has not responded to these motions. In addition, plaintiff moves for a preliminary injunction to prohibit defendant from engaging in trademark infringement.

## BACKGROUND

Plaintiff filed a complaint against defendant on February 11, 2009, and alleges that defendant is engaging in trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125. (Comp., Docket 1, at 2.) Plaintiff also seeks a preliminary injunction. Plaintiff is a nonprofit corporation organized

and existing under the laws of South Dakota. (Id. at 1.) Defendant appears to be a corporation that is located in the Cayman Islands. (Id. )

Plaintiff unsuccessfully attempted to serve defendant on two occasions by using two different methods of service.[1] The first attempt involved mailing a copy of the summons and complaint along with a "Request for Service Abroad of Judicial or Extrajudicial Documents"[2] on February 13, 2009, to the Clerk of Courts for the Cayman Islands. (Aff. Sander J. Morehead, Docket 12-2, Ex. A.) These papers were returned to plaintiff by the Clerk of the Court in the Cayman Islands along with an Affidavit of Non-Service signed by the Deputy Clerk of Court. (Id., Ex. B, Docket 12-3.) In relevant part, the affidavit signed by the Deputy Clerk explained that he was "unable to serve the document as [the clerk] exhausted all avenues." (Id.)

---

[1] Plaintiff relies on contact information, including email and mailing address, provided by defendant during an arbitration proceeding where each party provided information about how they could be contacted. (Aff. Sander J. Morehead, Docket 12-7, Ex. F, at 7-8; see also id., Docket 12-5, Ex. D, at 3 (listing similar contact information related to defendant's registered domain name).)

[2] A "Request for Service Abroad of Judicial or Extrajudicial Documents" is a form used to comply with Rule 4(f), 4(h)(2), and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (Hague Convention). See Fed. R. Civ. P. 4(f), 4(h)(2). A blank form can be found on the United States Marshals website at http://www.usmarshals.gov/forms/usm94.pdf.

On July 27, 2009, the court ordered that plaintiff serve defendant by August 24, 2009, or the case would be dismissed without prejudice. (Notice of Rule 4(m), Docket 9.) Plaintiff then attempted to serve defendant by having the Clerk of Court for the District of South Dakota mail the summons, complaint, and other relevant documents to defendant on August 7, 2009. (Aff. Morehead, Ex. C, at 1.) This attempt was also unsuccessful. (Id., Ex. C, at 2.)

**DISCUSSION**

Plaintiff requests permission to attempt service of process upon defendant by email because other traditional methods have failed and defendant has responded to plaintiff's past communications through email. Plaintiff also requests additional time to serve defendant because the 120 day time period for serving defendant set out in Rule 4(m) does not apply when the service is to be performed in a foreign country under Rule 4(f) or (4(j)(1). See Fed. R. Civ. P. 4(m).

**I.     Serving a Foreign Defendant by Email**

Rule 4(h) applies to plaintiff's motion because defendant is a foreign corporation. Rule 4(h) states, in relevant part, that "[u]nless federal law provides otherwise . . . a domestic or foreign corporation . . . must be served: . . . (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal

3

delivery under (f)(2)(C)(i)." Therefore, plaintiff must serve defendant in accordance with due process and the applicable provisions found in Rule 4(f).

Plaintiff moves this court to authorize service of process by email pursuant to Rule 4(f)(3), which allows for service of process "by other means not prohibited by international agreement, as the court orders." (Brief in Support of Motion Regarding Service of Process, Docket 11, at 3.) Along with the specific requirements set out in Rule 4(f)(3), the method of service must also be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford [] an opportunity to present [] objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted). Thus, in order for plaintiff to be authorized to serve defendant by email, that method of service must not be prohibited by international agreement, must be pursuant to the court's order, and must be reasonably calculated to give notice of the pending action under all of the circumstances. See id.; Fed. R. Civ. P. 4(f)(3).

As noted in Universal Trading & Investment Company v. Kiritchenko, 2007 WL 295548 (N.D. Cal. Jan. 30, 2007), the Cayman Islands is a territory of the United Kingdom, and as such, it is considered to be a signatory to the Hague Convention. Id. at *2. Because Rule 4(f)(3) specifically prohibits service by means that are prohibited by international agreement, the court cannot

authorize service of process by a method that contravenes an agreement between the United States and the United Kingdom and its territories.

The Eighth Circuit's interpretation of impermissible service of process under the Hague Convention is clear.[3] In <u>Bankston v. Toyota Motor Corporation</u>, 889 F.2d 172 (8th Cir. 1989), the issue before the Eighth Circuit Court of Appeals was whether the Hague Convention, specifically Article 10(a), allowed for the plaintiff to serve a defendant directly by way of registered mail. <u>Id.</u> at 172 (addressing district court's conclusion that "Article 10(a) of the Hague Convention does not permit service of process upon a Japanese corporation by registered mail"). Article 10(a) of the Hague Convention states in relevant part that "[p]rovided the State of destination does not object, the present Convention shall not interfere with– a) the freedom to send judicial documents, by postal channels, directly to persons abroad." <u>See</u> <u>id.</u> at 173. The Court of Appeals in <u>Bankston</u> reasoned that the drafters of the Hague Convention intended to use the word "send" in Article 10(a) instead of the word "service." <u>Id.</u> at 174 ("It is a 'familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute

---

[3] There is a significant split of authority with regard to this issue. <u>See</u> <u>Brockmeyer v. May</u>, 383 F.3d 798, 801-03 (9th Cir. 2004) (analyzing split of authority and discussing foreign courts' interpretation of Article 10(a)). But this court is obligated to apply the Eighth Circuit Court of Appeals' interpretation of Article 10(a). <u>See</u> <u>United States Trustee v. Harris</u>, 960 F.2d 74, 77 (8th Cir. 1992).

5

itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" (citations omitted)). According to the appellate court, this choice by the drafters demonstrated that service of process by mail was not permitted under the Hague Convention. Id. ("[W]here a legislative body 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislative body] acts intentionally and purposely in the disparate inclusion or exclusion.'" (citations omitted)). The Eighth Circuit Court of Appeals therefore agreed with the trial court's conclusion and held that "sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention."[4] Id.

While the facts in Bankston could arguably be distinguished from the facts in this case because different foreign countries are involved, this distinction is not material because both Japan and the United Kingdom, which includes the Cayman Islands, appear to have endorsed a formal method of service with regard to the Hague Convention. Compare id. (stating that "it was 'extremely unlikely' that Japan's failure to object to Article 10(a) was

---

[4] According to the Eighth Circuit Circuit Court of Appeals, the purpose of Article 10(a) is to "merely provide[] a method for sending subsequent documents after service of process has been obtained by means of a central authority." Bankston, 889 F.2d at 174 (citations omitted).

6

intended to authorize the use of registered mail as an effective mode of service of process, [because] Japan had specifically objected to the much more formal modes of service . . . available in Article 10(b) and (c)") with Peabody Holding Co. v. Costain Group PLC, 808 F. Supp. 1425, 1439-40 (E.D. Mo. 1992) (noting that " 'documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial consular or diplomatic officers or other Contracting States' " (citations omitted)); see also Rice v. van Stipdonk, 2007 WL 763196, at *1 (E.D. Mo. March 9, 2007) ("Under the Hague Convention, to which the United States and the Netherlands are signatories, service by registered mail on a foreign defendant is insufficient." (citing Bankston, 889 F.2d at 174)).

Accordingly, the court finds that "sending a copy of a summons and complaint by [electronic] mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention." See Bankston, 889 F.2d at 174. Thus, plaintiff's motion for authorization to serve defendant by email is denied.

## II. Additional Time to Effectuate Service of Process

Plaintiff also requests additional time to effectuate service on defendant. While the general deadline under Rule 4(m) is that a defendant must be served within 120 days of the filing of the complaint, an exception exists when the service of process is to occur in a foreign country. See Fed. R. Civ. P. 4(m)

7

("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."). Even though the exception to Rule 4(m) does not specifically mention Rule 4(h), which applies in this case on account of the defendant being a corporation, Rule 4(h) effectively adopts Rule 4(f) in subsection (2). See also Fed. R. Civ. P. 4(h)(2) (requiring service of process "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f)"). The court therefore finds that the exception contained in Rule 4(m) with regard to service in a foreign country applies in this case because the service of process must also be in accordance with Rule 4(f). Thus, the 120-day period does not apply in this case. See 3M Co. v. Darlet-Marchante-Technologie SA, 2009 WL 1228245, at *5 (D. Minn. May 5, 2009).

While the 120-day rule does not apply when serving a party in a foreign country pursuant to Rule 4(f), plaintiff must still act diligently in effectuating service. See Lewis v. Vollmer of America, 2007 WL 1545661, at *2 (W.D. Pa. May 25, 2007) (dismissing claims asserted against foreign defendants because "plaintiff's suspension of his efforts to ensure that service was made as soon as possible is probative of plaintiff's failure to act in a diligent manner"); In re Teligent, Inc., 2004 WL 724945, at *3 (Bankr. S.D.N.Y. March 30, 2004) (recognizing that the "120 day limitation does not apply to service in a foreign

8

country" but emphasizing that a "court may still dismiss a case involving the failure to serve a foreign defendant within a reasonable time").

Plaintiff has been diligent in attempting to serve defendant. Plaintiff's first attempt to serve defendant on February 13, 2009, was pursuant to subsection (1) because the summons and complaint were mailed to the Clerk of Courts for the Cayman Islands with the "Request for Service Abroad of Judicial or Extrajudicial Documents" form that complies with the Hague Convention. See Fed. R. Civ. P. 4(f)(1) (allowing for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"); see also Universal Trading & Investment Co., 2007 WL 295548, at *2 ("Service pursuant to the Hague Convention may be effected by forwarding the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with a form Request for Service containing, inter alia, a form Summary of the Documents to be Served." (citing Hague Convention arts. 2-5)). Plaintiff's second attempt to serve defendant on August 7, 2009, was pursuant to Rule 4(f)(2)(C)(ii), which allows for service "reasonably calculated to give notice," and not "prohibited by the foreign county's laws," by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

Because plaintiff has thus far made a good faith effort to serve defendant in accordance with Rule 4(f) within the 120-day time period, but has been unsuccessful, plaintiff's motion for additional time is granted. Therefore, the deadline for completing service of process is extended to December 17, 2009. If plaintiff does not complete service by December 17, 2009, plaintiff's case will be dismissed without prejudice.

### III. Motion for Preliminary Injunction

Plaintiff also moves for a preliminary injunction against defendant to enjoin defendant from engaging in trademark infringement. Plaintiff has not served this motion on defendant. At this juncture, plaintiff's motion for preliminary injunctive relief is premature. See Givens v. Adams, 2005 WL 2042341 (E.D. Cal. Aug. 22, 2005); Fordham v. Barr, 2009 WL 159715 (M.D.N.C. Jan. 22, 2009). Plaintiff may file another motion for injunctive relief after defendant has been served with the summons and complaint.

Accordingly, it is hereby

ORDERED that plaintiff's motion for permission to serve defendant by email (Docket 10) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for additional time (Docket 10) is granted.

IT IS FURTHER ORDERED that plaintiff complete service of process on the defendant by **December 22, 2009**, or plaintiff's case will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (Docket 4) is denied without prejudice.

Dated September 23, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE